**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO MCDOWELL | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:25-cv-14635 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| REYNALDO GUEVARA, BERNARD | ) | |
| BRENNAN, RICHARD MAHER, DANIEL | ) | |
| ENGEL, HECTOR VERGARA, ALAN | ) | |
| PERGANDE, JAMES GILGER, RANDY | ) | |
| TROCHE, GERI LYNN YANOW as special | ) | |
| representative for the ESTATE OF ERNEST | ) | |
| HALVORSEN, EDWARD MINGEY, | ) | |
| ROBERT BIEBEL, PHILIP J. CLINE, and | ) | |
| the CITY OF CHICAGO. | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO APPOINT SPECIAL REPRESENTATIVE**
**FOR DECEASED DEFENDANT ERNEST HALVORSEN**

Plaintiff ANTONIO MCDOWELL, by his attorneys, respectfully moves this Court to appoint Geri Lynn Yanow as special representative to defend this action as representative of deceased Defendant Ernest Halvorsen, stating as follows:

1.      Plaintiff filed this lawsuit on December 2, 2025. Dkt. 1. Plaintiff's complaint alleges that he was wrongfully convicted of murder. *Id.* Plaintiff further alleges that various Chicago Police Department employees—including Defendant Halvorsen—violated his rights under the U.S. Constitution and Illinois law, causing him to be wrongfully incarcerated for decades.

2.      The complaint named Geri Lynn Yanow as the special representative for deceased Defendant Police Officer Ernest Halvorsen, but the Court has not appointed Ms. Yanow to serve

as a special representative in this matter. Attorneys for the individual Officer Defendants entered appearances on behalf of Ms. Yanow on February 5, 2026. Ms. Yanow has been appointed to represent Mr. Halvorsen in related cases against Mr. Halvorsen. *See, e.g.*, *Gecht v. Guevara*, No. 23-cv-01742 (N.D. Ill.); *Kwil v Guevara*, No. 23-cv-04279 (N.D. Ill.). Plaintiff now seeks the formal appointment of Ms. Yanow as the special representative of Mr. Halvorsen.

3. Defendant Halvorsen died on January 26, 2020. There is not an estate open for Defendant Halvorsen.

4. Illinois statute, the Seventh Circuit, and numerous decisions of the Northern District instruct that, if the deceased defendants have no open estates, the federal district court should appoint a special representative (of the court's or the party's choosing) to substitute as a defendant in place of the previously-named party, as authorized by Illinois law. *See Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124–35 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

5. Illinois provides for the appointment of a special representative without the opening of an estate for purposes of defending an action that survives a defendant's death. 735 ILCS 5/13-209(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative). Plaintiff contends the constitutional and state-law claims alleged by Plaintiff survive the death of deceased Defendants Halvorsen. *E.g., Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012).

6. Courts in this district have appointed special representatives in these circumstances.

*See DeLeon-Reyes v. Guevara*, 2019 WL 1200348 (N.D. Ill. March 14, 2019) (appointing special representatives for deceased defendants in wrongful conviction case); *Savory v. Cannon*, No. 17 Civ. 204 (N.D. Ill. Mar. 9, 2017), Dkt. 41 (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Starks v. Waukegan, et al.*, No. 09 Civ. 348 (N.D. Ill. Jan. 15, 2014), Dkt. 208 (Order Appointing Special Administrator); *Rivera v. Lake County, et al*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants); *Tamburo v. Dworkin*, 2012 WL 10454, at *3- 4 (N.D. Ill. 2012) (discussing appointment of special representative under Illinois law); *see also Nevest Coleman v. City of Chicago*, et al., 1:18 Civ. 998 (N.D. Ill. July 18, 2018), Dkt. 64; *Vaughn v. Griffin*, No. 2:15 Civ. 2047 (C.D. Ill. Sept. 19, 2017), Order on Dkt. 213; *Ross v. Gossett*, No. 15 Civ. 309 (S.D. Ill. July 20, 2017), Dkt. 368 (appointing special representative for deceased defendants).

7.     Thus, this Court can appoint a special representative so that this action can be maintained against Defendant Halvorsen.

8.     Attorneys for the individual Defendants have informed Plaintiff's counsel that the next of kin for Ernest Halvorsen has declined to be appointed as Special Representative for Ernest Halvorsen, deceased. Geri Lynn Yanow, an attorney, is willing to serve as special representative for Ernest Halvorsen, deceased. Accordingly, no additional notice is required to be provided to any of Mr. Halvorsen's heirs or legatees pursuant to 735 ILCS 5/13-209(b)(2). Pursuant to 735 ILCS 5/13-209(b)(2), the Court may appoint Geri Yanow to serve as Special Representative on behalf of Ernest Halvorsen, deceased.

9.     This Court should appoint a special representative so that this action can be maintained against Defendant Halvorsen. Given that all Defendants are sued in this case in

connection with their police work, given that the attorneys for the individual Defendants will represent whoever is appointed special representative, and given that Illinois law requires municipalities to indemnify judgments of their officers, the identity of the special representative will have little impact on how the case is tried, and the special representative will have minimal involvement.

10. Plaintiff will not seek punitive damages from deceased Defendant Halvorsen, his estate, or his Special Representative in this action.

11. Counsel for Plaintiff and counsel for Defendants have conferred, and Defendants do not oppose the appointment of Geri Lynn Yanow to act as Special Representative on behalf of Ernest Halvorsen, deceased.

12. By not opposing this motion, the City of Chicago and the Special Representative of Ernest Halvorsen do not forgo or waive any defenses or the ability to seek dismissal, judgment, relief from order or judgment or an appeal. Further, the City of Chicago and the Special Representative of Ernest Halvorsen reserve the right to assert any defense and to pursue any dispositive and post-judgment motions and any appeals in this matter, including but not limited to those that would otherwise be available had this motion been opposed.

WHEREFORE, Plaintiff respectfully requests that the Court appoint Geri Lynn Yanow as special representative for Defendant Halvorsen, deceased.

Dated: March 12, 2026     Respectfully submitted,

          ANTONIO MCDOWELL

          By: /s/ Lyla Wasz-Piper
          *Counsel for Plaintiff*

Jon Loevy
Anand Swaminathan
Steve Art
Lyla Wasz-Piper
Clara Presler
LOEVY & LOEVY
311 N Aberdeen St, 3rd Fl
Chicago, IL 60607
(312) 243-5900