**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO MCDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 25 CV 14635 |
| | ) | |
| v. | ) | Hon. Judge Elaine E. Bucklo |
| | ) | |
| REYNALDO GUEVARA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS CLINE, MINGEY, AND BIEBEL'S MOTION TO DISMISS**

Defendants Philip J. Cline, Edward Mingey, and Robert Biebel (collectively the "Supervising Defendants"), by their attorneys, THE SOTOS LAW FIRM, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move to dismiss the claims alleged against them in Plaintiff Antonio McDowell's Complaint, and state as follows:

**INTRODUCTION**

McDowell seeks to hold the Supervising Defendants liable based on nothing but conclusory allegations that do not withstand scrutiny. Under 42 U.S.C. § 1983, the basis of his four federal claims, a supervisor can only be liable if he or she was personally involved in causing the constitutional deprivation. *See Bostic v. Murray*, 160 F.4th 831, 840-42 (7th Cir. 2025) ("for there to be personal involvement there must be at least some causal connection or affirmative link between the action complained about and the official sued.") (citation modified). Here, Plaintiff's naked assertion of "approval" by the Supervising Defendants falls short of the *Iqbal* pleading standard to state a claim for a civil rights violation against the Supervising Defendants. The same goes for McDowell's four state law claims; each rests entirely on thin, conclusory allegations against the Supervising Defendants which do not suffice to state a claim and need not be accepted as true. The Court should dismiss all claims against the Supervising Defendants.

## RELEVANT ALLEGATIONS[1]

McDowell was convicted of murdering Mario Castro, the attempted murder of Alberto Varela, and the aggravated vehicular carjacking of Ruth Morales-Santana, all on December 21, 1996. (Dkt. 1, ¶¶ 1, 2, 17, 22, 27, 30, 89, 93.) After the crimes were committed, detectives from the Chicago Police Department's Area Five Violent Crimes Division, including Defendants Halvorsen, Guevara, Engel, Vergara, Pergande, and Troche, were assigned to the investigation. (*Id.* ¶¶ 32-33.)

Eyewitnesses included Mr. Castro's brother-in-law, Juan Medina, his nephew, Varela, and the carjacking victim, Morales-Santana. (Dkt. 1, ¶¶ 22, 26, 28, 30, 35.) All three identified a photo of McDowell as depicting the perpetrator before identifying him again in a live lineup, but McDowell alleges each identification was false and coerced. (*Id.* ¶¶ 63, 68, 73.) Defendant Guevara allegedly "knowingly manufactured Medina's false photo identification and knowingly fabricated an accompanying false police report." (*Id.* ¶ 64.) Defendants Guevara and Halvorsen allegedly "coerced Varela and Morales-Santana to falsely identify a photo of McDowell as the perpetrator." (*Id.* ¶ 68.)

At the lineups, unspecified Defendants allegedly "instructed Varela, Medina, and Morales-Santana" to "falsely pick [McDowell] as the perpetrator of the December shooting and carjacking." (Dkt. 1, ¶ 73.) Unspecified Defendants then "fabricated reports falsely claiming that Varela, Medina, and Morales-Santana had legitimately identified [McDowell] as the person who killed Castro and stole Morales-Santana's car." (*Id.* ¶ 74.)

---

[1] The Supervising Defendants recite McDowell's allegations, which the Court must accept as true for purposes of this motion, to the extent they are well-pleaded.

McDowell alleges the three Supervising Defendants "participated in the misconduct alleged in [the] complaint and facilitated, condoned, approved, and turned a blind eye to Defendants' misconduct." (Dkt. 1, ¶ 20.) Defendant Cline, "as the Commander of Area Five, oversaw the sergeants [Defendants Biebel and Mingey] and detectives assigned to the investigation." (*Id.* ¶ 34.) The Supervising Defendants allegedly "knew that the Detective Defendants had coerced and fabricated the false identifications of [McDowell] made by Varela, Medina, and Morales-Santana despite the witnesses' protestations that they could not make an identification," and "approved the false police reports—knowing their falsity." (*Id.* at ¶ 75.)

McDowell brings four federal claims against the Supervising Defendants pursuant to 42 U.S.C. § 1983 for Due Process violations (Count I); Malicious Prosecution/Unlawful Detention (Count II); Failure to Intervene (Count III); and Conspiracy (Count IV). He also brings four State Law Claims for Malicious Prosecution (Count VI); Intentional Infliction of Emotional Distress (IIED) (Count VII); Willful and Wanton Conduct (Count VIII); and Conspiracy (Count IX). The allegations fail to state a claim against the Supervising Defendants.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though Rule 8 does not require "detailed factual allegations," a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Neither will "naked assertion[s]" without "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) But "bare assertions" that amount to "nothing more than a formulaic recitation of the elements" of a claim are "conclusory and *not* entitled to be assumed true." *Id.* at 681 (emphasis added).

**ANALYSIS**

**I.      McDowell Fails to Allege Viable § 1983 Claims Against the Supervising Defendants.**

McDowell's § 1983 claims against the Supervising Defendants—Counts I-IV—must be dismissed because they are backed by only conclusory allegations of after-the-fact "approval." (Compl. ¶¶ 20, 75.) McDowell does not allege the level of personal involvement required to state a claim.

In a § 1983 action, "where masters do not answer for the torts of their servants-the term 'supervisory liability' is a misnomer." *Iqbal*, 556 U.S. at 677. "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Petrovic v. City of Chicago*, No. 06 C 6111, 2010 WL 1325709, at *2 (N.D. Ill. Mar. 30, 2010) (citation omitted). "Indirect approval is insufficient." *Id.* (citing *Cygnar v. City of Chi .,* 865 F.2d 827, 847 (7th Cir.1989)). Rather, "the official must actually have participated in the constitutional wrongdoing." *Id.* (quoting *Cygnar*, 865 F.2d at 847).

Put differently, "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Santana v. Petty*, No. 120CV00343TWPDML, 2020 WL 5077068, at *2 (S.D. Ind. Aug. 26, 2020) (citing *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018)) (dismissing claim against supervisor defendant because the plaintiff did not allege the supervisor participated in misconduct or even knew of the misconduct until after the fact).

"[A] supervisor's after-the-fact knowledge of a constitutional violation committed by a subordinate does not satisfy the personal responsibility requirement of § 1983." *Koch v.*

4

*Westerman*, No. CIV.07-CV-0004-MJR, 2009 WL 249222, at *6 (S.D. Ill. Feb. 2, 2009) (dismissing a § 1983 claim because the underlying constitutional violation was complete *before* the supervisors learned of it); *see also Iwanicki v. Pennsylvania Dep't of Corr.*, 582 F. App'x 75, 78, n.4 (3d Cir. 2014) (affirming dismissal where "the alleged approval of the investigation and misconduct report appears to rest only on the fact that the misconduct report had to be reviewed and signed by the ranking correctional officer on duty").

Here, McDowell seeks to hold the Supervising Defendants liable for the acts of their subordinates. Indeed, stripped of the conclusory pronouncement that they "participated" in the misconduct, (Dkt. 1, ¶ 20), McDowell's pleading names these individuals as defendants solely because they occupied the position of supervisors. (*See Id.* ¶ 34). This fails, given the fact that all McDowell alleges is that the Supervising Defendants knowingly approved false reports. (*See Id.* ¶ 75.)

*Petrovic v. City of Chicago* is particularly instructive. There, as in the present case, the same plaintiff's law firm styled a § 1983 supervisory claim against former Chicago Police Superintendent Philip Cline, and Judge Guzman dismissed it with reasoning equally applicable here:

> [B]ecause the following conclusory allegations merely parrot the elements of a supervisor liability claim, the Court holds that they are not entitled to the presumption of truth:… "The Supervisory Defendants oversaw, acquiesced in, and even condoned the above-described policies and practices and refused to take steps to correct them." (*Id.* ¶ 41(b).)…"the Supervisory Defendants approved, assisted, condoned and/or purposely ignored the Defendant Officers' prior misconduct."
>
> …
>
> Petrovic has included formulaic recitations of the elements of a supervisor liability claim without any *factual* allegations to create a plausible suggestion that Cline and Morris, not merely indirectly approved, but encouraged the specific incident of misconduct involving Petrovic and Chevas or in some way directly participated in

the incident. Thus, the Court grants Cline and Morris' motion to dismiss and dismisses all claims against them without prejudice.

*Petrovic*, 2010 WL 1325709, at *4-5 (emphasis in original). Just like Petrovic, McDowell merely parrots the elements of a supervisory liability claim. (*Compare* Dkt. 1, ¶ 20 ("Defendants Mingey, Biebel, and Cline participated in the misconduct alleged in this complaint and facilitated, condoned, approved, and turned a blind eye to Defendants' misconduct.") *and* ¶ 75 ("the supervising Defendants approved the false police reports—knowing their falsity") *with Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997) ("supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.").) Just like *Petrovic*, dismissal is plainly warranted.

*Marcinczyk v. Plewa* is also instructive. There, considering another § 1983 claim against former Chicago Police Superintendent Philip Cline, Judge Der-Yeghiayan granted the defendants' motion to dismiss because the plaintiff "ha[d] not alleged facts indicating that Cline, Morris, or Kirby were personally involved" in the alleged constitutional violations. *Marcinczyk v. Plewa*, No. 09 C 1997, 2011 WL 2672350, at *2 (N.D. Ill. July 8, 2011). Instead, just like McDowell, "Marcinczyk allege[d] in a conclusory fashion that Cline, Morris, and Kirby 'turned a blind eye to' alleged practices" but "fail[ed] to allege any *facts*" supporting that conclusion. *Id.* (emphasis added).

Hence, because McDowell fails to adequately allege the Supervising Defendants' personal involvement, the Court should follow *Marcinczyk* and dismiss his claims. *See Marcinczyk*, 2011 WL 2672350, at *2; *see also Ames v. Obaisi*, No. 18 CV 2930, 2021 WL 1853223, at *4 (N.D. Ill. May 10, 2021) ("The Court grants the [defendants'] motion to dismiss based on their lack of personal involvement"); *Willoughby v. Vill. of Fox Lake*, No. 17 CV 2800, 2017 WL 6570084, at *4 (N.D. Ill. Dec. 21, 2017) (same); *Hopkins v. Dart*, No. 15 C 410, 2016 WL 6124437, at *1 (N.D.

Ill. Oct. 20, 2016) ("[the plaintiff] cannot hold [the defendant] individually liable merely based on his supervisory status.")

## II. McDowell Fails to Allege Viable State Law Claims Against the Supervising Defendants.

Just like his § 1983 claims, McDowell's state law claims against the Supervising Defendants—Counts VI-IX—must be dismissed because they rely solely on conclusory allegations and fail to establish supervisory liability.

Under each of McDowell's state law claims, conclusory allegations are insufficient. *See Littlejohn v. City of Chicago*, No. 25 CV 6195, 2026 WL 63708, at *3 (N.D. Ill. Jan. 8, 2026) (malicious prosecution) (plaintiff's "conclusory allegation…is not sufficient to state a claim for malicious prosecution under Illinois law"); *Jones v. Culver Franchising Sys., Inc.*, 12 F. Supp. 3d 1079, 1090 (N.D. Ill. 2013) (IIED) ("Because plaintiffs fail to allege any specific facts regarding the conduct [defendant] engaged in that caused them severe and emotional distress as they must, this count must be dismissed."); *Johnson v. Frain*, No. 17 C 2000, 2018 WL 2087448, at *6 (N.D. Ill. May 4, 2018) (willful and wanton conduct) ("the conclusory allegations that [defendant] is liable for willful and wanton conduct do not state a plausible claim."); *Kurt v. Platinum Supplemental Ins., Inc.*, No. 19 C 4520, 2021 WL 3109667, at *11 (N.D. Ill. July 22, 2021) (civil conspiracy) ("the plaintiffs' allegations regarding [defendant's] involvement in the alleged conspiracy are too conclusory for the conspiracy claim to survive a motion to dismiss.").

Here, McDowell alleges no specific conduct taken by the Supervising Defendants besides "approving" allegedly false reports. This bare, conclusory, undifferentiated allegation should not be accepted as true at this stage, and even if it is, the bare allegation woefully fails to state a viable claim.

7

McDowell also fails to adequately plead supervisory liability under Illinois law. "In Illinois…a supervisor is not subject to liability for the conduct of other employees unless he fraudulently or negligently appointed, supervised or cooperated with them." *Jacobson v. Nat'l R.R. Passenger Corp.*, No. 97 C 6012, 1999 WL 1101299, at \*9 (N.D. Ill. Nov. 29, 1999) (citing *Northrop v. Lopatka*, 242 Ill. App. 3d 1, 5, 610 N.E.2d 806, 810 (4th Dist. 1993)). "In asserting a claim against an employee's supervisor for the tort committed by the employee, [a plaintiff] must allege, with more than conclusive allegations that [the defendant] was (a) fraudulent, (b) grossly negligent in appointing an agent, or (c) negligent in cooperating with his employees." *Id.* (internal quotes omitted). Here, as in *Jacobson*, McDowell has not made "specific allegations" against the Supervising Defendants supporting any of these prongs, and thus "fails to state a claim under Illinois law" for supervisory liability. *See id.* Accordingly, the Court should dismiss McDowell's state law claims.

**CONCLUSION**

For the reasons stated herein, the Court should dismiss all claims against the Supervising Defendants.

Date: April 23, 2026

Respectfully submitted,

/s/ Carl M. Johnson
CARL M. JOHNSON, Atty No. 6317661
Special Assistant Corporation Counsel
*One of the Attorneys for Defendants Philip J. Cline, Edward Mingey, and Robert Biebel*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Jeffrey C. Grossich
Carl M. Johnson
Special Assistant Corporation Counsel
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
cjohnson@jsotoslaw.com

8